**NARINDER VEER SINGH RAN; Ran Singh Bhagwan Singh, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–72288.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 16, 2006.

Filed July 6, 2006.

George T. Heridis, Esq., Manish Daftari, Rai & Associates, PC, San Francisco, CA, for Petitioners.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Terri Jane Scardon, Stacy S. Paddack, Kristin K. Edison, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, HUG, and O'SCANNLAIN, Circuit Judges.

MEMORANDUM *

Narinder Veer Singh Ran and Ran Singh Bhagwan Singh petition for review from the Board of Immigration Appeals' ("BIA") affirmance of an immigration judge's ("IJ") denial of their petition for asylum, mandatory withholding of removal, and withholding under the Convention Against Torture ("CAT").

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

First, we are satisfied that the IJ properly pointed to testimonial inconsistencies which go to the heart of the claim and therefore support an adverse credibility determination. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003). Even assuming the petitioners testified credibly, however, the petitioners fail to show that they experienced persecution "on account of" a protected ground, rather than street crime, private retaliation for whistleblowing, and arrests for good cause, none of which constitutes persecution. *See Gormley v. Ashcroft,* 364 F.3d 1172, 1177 (9th Cir.2004); *Grava v. INS,* 205 F.3d 1177, 1181 n. 3 (9th Cir.2000). As for fear of future persecution, the petitioners similarly have not shown that any such persecution would be on account of a protected ground. *See Al–Harbi v. INS,* 242 F.3d 882, 888 (9th Cir.2001).

Because petitioners do not make the showing for asylum, it follows that they failed to make the more difficult showing required for withholding of removal. *Pedro–Mateo v. INS,* 224 F.3d 1147, 1150 (9th Cir.2000).

Finally, IJ properly denied CAT relief. The petitioners relied upon the same testimony found incredible with respect to their asylum claims, and did not proffer sufficient substantiating evidence. *Cf. Kamalthas v. INS,* 251 F.3d 1279, 1282 (9th Cir.2001). Even taking their testimony as credible, the alleged police mistreatment— which the petitioners fear if they are returned to Kenya—was relatively minor and does not rise to the level of torture. *See Al–Saher v. INS,* 268 F.3d 1143, 1147 (9th Cir.2001). Further, there is no evidence that the Kenyan government has an interest in petitioners, meaning that relo-

cation is possible. *See Singh v. Ashcroft,* 351 F.3d 435, 443 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**